UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 5:25-CR-00336-01** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **J C SANDERS II (01)** | **MAGISTRATE JUDGE HORNSBY** |

MEMORANDUM ORDER

Before the Court is a Motion to Dismiss [Doc. No. 17] filed by Defendant, J.C. Sanders II ("Defendant"), seeking to dismiss Count One of the Indictment [Doc. No. 1] as unconstitutional as applied to Defendant. The United States of America ("the Government") opposes the Motion [Doc. No. 19]. Defendant filed a reply [Doc. No. 21]. After carefully considering the parties' filings and applicable law, the Motion is **DENIED**.

I. Background

Defendant was indicted in 2019, in Louisiana state court for unauthorized use of a motor vehicle (in violation of LA. REV. STAT. § 14:68.4) and theft of a motor vehicle (in violation of LA. REV. STAT. § 14:67.26).[1] Since Defendant pled guilty to the unauthorized use charge, his theft charge was dismissed and the court sentenced him to two (2) years of hard labor.[2] The state court, however, suspended Defendant's sentence and placed him on supervised probation for a period of three (3) years.[3]

---

[1] [Doc. No. 19-1, p. 1].
[2] [Id. at p. 4].
[3] [Id.].

Around February 6, 2021, while on probation for his unauthorized use of a motor vehicle charge,[4] Defendant was indicted in Louisiana state court for armed robbery (in violation of LA. REV. STAT. § 14:64).[5] Defendant pled guilty to the armed robbery charge and was sentenced to hard labor for six (6) years.[6] But the court gave Defendant credit for time served and provided that his sentence would run concurrent to any other sentence.[7]

On or about October 1, 2025, Defendant allegedly possessed two firearms within this Court's territorial jurisdiction.[8] On December 3, 2025, a federal grand jury in Shreveport returned a one-count indictment, charging Defendant with possession of a firearm by a convicted felon in violation of Title 18, United States Code, § 922(g)(1).[9]

Defendant, in this Motion, argues his federal indictment should be dismissed because his charge violates the Second Amendment's right to bear arms as applied to him.[10] The parties briefed all relevant issues, and the matter is ripe.

## II. Law and Analysis

### A. Standard of Review

The Federal Rules of Criminal Procedure states that "a party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." Fed. R. Crim. P. (12)(b)(1). Specifically, "a defendant

---

[4] [Id.].
[5] [Doc. No. 19-2, p. 1].
[6] [Id. at p. 3].
[7] [Id.].
[8] [Doc. No. 1, p. 1].
[9] [Id.].
[10] [Doc. No. 17, p. 1].

[may] file a pretrial motion to dismiss an indictment on the ground that there is 'a defect in the indictment,' such as the 'failure to state an offense.'" *United States v. Patino*, 758 F. Supp. 3d 664, 666–67 (W.D. Tex. 2024) (quoting *id.* 12(b)(3)(B)(v); *United States v. Vasquez*, 899 F.3d 363, 371 (5th Cir. 2018)). A court may resolve such defects before trial when the motion presents a question of law. *See United States v. Fontenot,* 665 F.3d 640, 644 (5th Cir. 2011). The central issue here falls squarely within that ambit—whether § 922(g)(1) is unconstitutional as applied to Defendant.

### B. Defendant's Motion

The Second Amendment mandates that "the right of the people to keep and bear arms, shall not be infringed." *United States v. Diaz*, 116 F.4th 458, 462 (5th Cir. 2024), *cert. denied*, 145 S. Ct. 2822 (2025) (quoting U.S. CONST. amend. II). In analyzing challenges based on the Second Amendment, courts must follow the two-step framework prescribed in *New York Rifle and Pistol Association, Inc. v. Bruen*, 597 U.S. 1 (2022). *Id.* at 463–64. Step one asks whether the Second Amendment's plain text covers an individual's conduct. *See id.* (citing *Bruen*, 597 U.S. at 19). If the answer is yes, the Constitution presumptively protects the conduct. *Id.* at 464 (citing *Bruen*, 597 U.S. at 17). Then, the government must "demonstrate that the regulation is consistent with this Nation's historical tradition of firearm regulation." *Id.* (quoting *Bruen*, 597 U.S. at 19). To pass the historical test, a new law need only be "relevantly similar" to a historical one and need not "precisely match its historical precursors" or be a "historical twin." *United States v. Rahimi*, 602 U.S. 680, 692 (2024).

Bearing these principles in mind, the Court concludes § 922(g)(1), the statutory basis for Defendant's arrest, survives his constitutional challenge.

### 1. The Second Amendment's Plain Text Covers Defendant's Conduct

As a threshold matter, the Fifth Circuit has reiterated "felons" are "people" protected by the Second Amendment's coverage. *See Diaz*, 116 F.4th at 466–67. Defendant was indicted for allegedly possessing two firearms within this Court's territorial jurisdiction.[11] Possessing a firearm unequivocally falls under the Second Amendment's text because it involves "bear[ing] a firearm" on one's person. U.S. CONST. amend. II. As such, Defendant's conduct is presumptively constitutional. *Id.* at 464 (citing *Bruen*, 597 U.S. at 17). Now, the Government bears the burden of proving that regulating Defendant's exercise of his Second Amendment right is "consistent with this Nation's historical tradition of firearm regulation." *Id.* (citing *Bruen*, 597 U.S. at 19). The Government meets that burden.

### 2. Applying § 922(g)(1) to Defendant is Consistent with the Nation's historical Tradition of Firearm Regulation

Title 18, United States Code, § 922(g)(1) makes it unlawful for anyone who was "convicted in any court of a crime punishable by imprisonment for a term exceeding one year" to possess a firearm in interstate commerce. 8 U.S.C. § 922(g)(1). In *Diaz*, the Fifth Circuit upheld an as-applied challenge to § 922(g)(1), finding the law falls stems from two historical traditions: (1) "permanently punishing certain offenders" who, today, would be considered felons, and (2) "prevent people who had committed crimes or were 'quarrelsome' from accessing weapons." *Diaz*, 116 F.4th at 469, 470. The Court analyzes Defendant's challenge under the reasoning employed in *Diaz*.

---

[11] [Doc. No. 1, p. 1].

The Government argues that Defendant's armed robbery charge falls under both principles applied in *Diaz*.[12] In support, they cite *United States v. Schnur*, wherein the Fifth Circuit unequivocally held using robbery and burglary convictions as the predicate offenses for disarmament pass the historical test's muster. 132 F.4th 863, 870–71 (5th Cir. 2025) (applying *United States v. Quiroz*, 125 F.4th 713, 724 (5th Cir. 2025)); *Quiroz*, 125 F.4th at 720 (collecting various founding-era state laws making robbery a capital offense, and, therefore, resulting in permanent disarmament of those convicted of it). As such, Defendant's 2021 robbery conviction is a sufficient basis for the Government to disarm him, pursuant to § 922(g)(1).

The Government also argues that Defendant's unauthorized use of a vehicle charge is analogous to *Diaz*'s theft of a vehicle charge,[13] which the Fifth Circuit concluded would be subject to permanent, severe punishments at the Founding. *See Diaz*, 116 F.4th at 469–70. Defendant counters that under Louisiana law, unauthorized use of a movable does not require an "intent to permanently deprive" while theft requires an "intent to permanently deprive."[14] As such, Defendant argues the Government may not rely on his unauthorized use charge as it is not similar-enough to historical analogues.[15] Since the Court concludes Defendant's robbery conviction is a sufficient basis for his § 922(g)(1) charge, the Court does not decide today whether Louisiana's unauthorized use of a motor vehicle crime is historically analogous to theft at the Founding.

---

[12] [Doc. No. 19, p. 10].
[13] [Id.].
[14] [Doc. No. 21, p. 3].
[15] [Id.].

Finally, the Government argues Defendant's parole status until 2027 offers an additional basis for upholding his indictment.[16] Defendant acknowledges that the Fifth Circuit has clearly upheld this argument and as such, offers an additional basis for defeating his challenge.[17] He, nevertheless, makes the argument to preserve it for appeal.[18] This Court is bound by the Fifth Circuit; and since the Fifth Circuit unambiguously held § 922(g)(1) is constitutional as applied to those on probation, like Defendant, that provides another basis for denying Defendant's Motion.

To sum, Defendant's conduct is protected by the Second Amendment's text. But the Government has met its burden to prove that the restrictions on Defendant's rights are "consistent with this Nation's historical tradition of firearm regulation." *Bruen*, 597 U.S. at 19. Therefore, Defendant's federal indictment under § 922(g)(1) is constitutional as applied to him.

### III. Conclusion

For all these reasons,

**IT IS ORDERED** that Defendant's Motion to Dismiss [Doc. No. 17] is **DENIED**.

MONROE, LOUISIANA, this 22nd day of January 2026.

_____
TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE

---

[16] [Id. at p. 12].
[17] [Doc. No. 21, p. 4 (citing *United States v. Giglio*, 126 F.4th 1039 (5th Cir. 2025); *United States v. Contreras*, 125 F.4th 725 (5th Cir. 2025))].
[18] [Id.].